Ms. Kay Barnhill Terry State Personnel Administrator Office of Personnel Management Department of Finance and Administration
1509 West Seventh Street, Suite 201 Little Rock, Arkansas 72203-3278
Dear Ms. Terry:
I am writing in response to two requests, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion on whether the release of certain records in the Arkansas Administration Statewide Information System or "AASIS" would be consistent with the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §§ 25-19-101 to -110 (Repl. 2002 and Supp. 2009).
Someone has made an FOIA request for an electronic copy of every state employee's "name, job title, pay grade, agency, and salary as of July 1, 2010 and July 1, 2011, including all merit increases for fiscal year 2011."
Two employees object to your determination that the requested information is (1) a personnel record and (2) should be released pursuant to the FOIA. They seek my opinion about whether your two determinations are consistent with the FOIA.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of certain employee-related documents is consistent with the FOIA. In my opinion the custodian's decision is consistent with the FOIA. *Page 2 
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
As this office has consistently opined, given the nature of this request, the first two elements are clearly met. The analysis for those two elements is contained in Opinion No. 2011-045, which is enclosed. So I will not repeat it here.
Turing to the third element, the question is whether some exception shields these records from disclosure. As noted in Opinion No. 2011-045, these records meet the definition of a "personnel record."[1] Accordingly, the FOIA requires that these records be released unless doing so constitutes a "clearly unwarranted invasion of personal privacy."[2] As Opinion No. 2011-045 explains, the release of these kinds of records — i.e., those reflecting the name, salary, job title, etc. — will rarely rise to the level of such an invasion. Therefore, these kinds of records generally must be released.
Therefore, unless the two objectors — who object to the release of only their names — can provide some kind of unique circumstances that justify withholding their names, the general rule applies and their names must be released. Neither gives such reasons. One objector does not give any clear reasons; rather, he simply cites "personal reasons." The other claims that his name is his "personal property" and "may not be released without [his] express written permission." Both the FOIA and this office's opinions are clear that the public gets to know the names of the people they employ. Accordingly, the custodian's decision to release this information is consistent with the FOIA. *Page 3 
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
DM/RO:cyh
Enclosure
[1] Please see Opinion No. 2011-045 for the definition of "personnel record."
[2] A.C.A. § 25-19-105(b)(12) (Supp. 2009). *Page 1